**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-2005 JVS (DFMx) | Date | February 27, 2019 |

| | |
|---|---|
| Title | Efigenia Lagunas v. SPS Technologies, LLC et al. |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) <u>Order Denying Plaintiff's Motion to Remand</u>**

Plaintiff Efigenia Lagunas ("Lagunas") moved to remand this action to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Mot., Docket No. 19. Defendant SPS Technologies, LLC, d/b/a Air Industries Company ("AIC") filed an opposition. Opp'n, Docket No. 21. Lagunas replied. Reply, Docket No. 25.

For the following reasons, the Court **denies** the motion.

## I. BACKGROUND

Lagunas is a former employee of AIC. Mot., Docket No. 19 at 1. All of Lagunas's claims in this lawsuit arise from her employment with, and termination from, AIC in July 2016. See First Amended Complaint ("FAC"), Docket No. 1-1. On June 7, 2017, Lagunas filed an action in California Superior Court, asserting causes of action against AIC, including various disability-related claims under the California Fair Employment and Housing Act ("FEHA"); claims under the California Labor Code for failure to pay overtime, failure to provide meal and rest periods, and waiting time penalties; and unfair competition under California's Unfair Competition Law ("UCL"). Mot., Docket No. 19 at 1–2; Opp'n, Docket No. 21 at 2.

While Lagunas's suit was pending, AIC separately settled a class action for violations of the California Labor Code. See Jackson v. SPS Technologies, LLC, No. CV 15-09854-AB (Jcx), 2018 WL 4440804, at *1 (C.D. Cal. Sept. 4, 2018). The settlement was preliminarily approved by the Honorable André Birotte Jr. on April 9, 2018. Id.

Despite receiving notice of the class action settlement, Lagunas failed to timely opt out. Id. at *1, 3. Judge Birotte also found that Lagunas had failed to demonstrate excusable neglect, and denied her request to retroactively extend the opt-out period. Id.

After Lagunas failed to opt-out of the class action settlement, her claims under the California Labor Code were barred in their entirety, and the parties stipulated to the dismissal of those claims. Opp'n, Docket No. 21 at 2–3. Lagunas sought leave to file the FAC to assert two additional causes of action under the Fair Labor Standards Act ("FLSA"). Id. at 3. The Court granted the motion, and Lagunas filed the FAC on November 2, 2018. FAC, Docket No. 1-1.

The FAC asserts causes of action for: (1) disability discrimination under FEHA; (2) retaliation in violation of FEHA; (3) wrongful termination in violation of public policy; (4) failure to engage in the interactive process; (5) failure to accommodate; (6) intentional infliction of emotional distress ("IIED"); (7) negligent hiring and supervision; (8) unfair business practices under California's Unfair Competition Law ("UCL"); (9) failure to pay minimum wage and overtime in violation of the FLSA; and (10) failure to pay overtime wages in violation of the FLSA. Id. ¶¶ 1, 21–85.

## II. Legal Standard

"A motion to remand is the proper procedure for challenging removal." Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Where a federal claim exists, district courts have supplemental jurisdiction over state law claims that form part of the same case or controversy under Article III. Id. § 1367(a). State and federal claims form part of the same constitutional "case" when they "derive from a common nucleus of operative fact" and are such that "considered without regard to their federal or state character . . . [plaintiff] would ordinarily be expected to try

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-2005 JVS (DFMx) | Date | February 27, 2019 |
| Title | Efigenia Lagunas v. SPS Technologies, LLC et al. | | |

them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966); see also Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together.").

Where a district court has the power to hear state law claims, it may invoke its discretion to decline supplemental jurisdiction only if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

### III. DISCUSSION[1]

---

[1] AIC filed a Request for Judicial Notice ("RJN") in support of its opposition to this motion. RJN, Docket No. 22. AIC seeks judicial notice of a Joint Stipulation from this action filed in Orange County Superior Court. Id. Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002). For instance, judicial notice is appropriate for court proceedings having a direct relation to the matter at issue. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). Therefore, the Court **grants** ACI's request for judicial notice.

AIC also filed two evidentiary objections to the Declaration of Michael Swift submitted by

In support of remand, Lagunas argues: (1) the Court cannot exercise supplemental jurisdiction over the state law claims under § 1367(a) because the state law and FLSA claims do not derive from a common nucleus of operative fact; or, in the alternative, (2) the Court should decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(2) because they substantially predominate over the FLSA claims. Mot., Docket No. 19; Reply, Docket No. 25. In opposition, AIC argues that all of the claims derive from a common nucleus of operative fact, and that the Court should not decline to exercise supplemental jurisdiction under § 1367(c) because the state and federal claims involve overlapping issues and evidence, this case does not present any novel or complex issues of state law, and Lagunas seeks only money damages in relief of her state and federal claims. Opp'n, Docket No. 21.

State law claims substantially predominate over the federal claim when "it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." Gibbs, 383 U.S. at 726. State law claims can substantially predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." Id. at 727; see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997); De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003) (substantial predomination exists "where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog"). "The test for predominance is an analysis of the facts which must be proved relative to each claim. If these facts are similar or identical, it cannot be said the state claims predominate over the federal claims or the scope of the case would be expanded." Gard v. Teletronics Pacing Systems, Inc., 859 F. Supp. 1349, 1353 (D. Colo. 1994). Additional relevant considerations include "the values of judicial economy, convenience, fairness, and comity." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997); Acri, 114 F.3d at 1001. Whether or not to exercise supplemental jurisdiction is a matter of the district court's discretion. Acri, 114 F.3d at 1000 ("[A] federal district court

---

Lagunas in support of this motion. Obj., Docket No. 23. AIC objects to two statements in Swift's declaration as irrelevant: (1) the parties' stipulation that AIC would not remove this matter on the basis of diversity, and (2) the number of undisputed facts in AIC's separate statement of undisputed facts attached to its summary judgment motion filed in state court. Id. The Court agrees that both statements are immaterial. Therefore, the objections are **sustained**. Fed. R. Evid. 401–02.

with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c).").

     Lagunas argues that there is substantial predomination because the state law discrimination, retaliation, wrongful termination, failure to accommodate, IIED, and UCL claims require different proof and arise from different facts than the FLSA overtime and minimum wage claims. Mot., Docket No. 19 at 6–8. Lagunas argues that the state law claims arise from her disability diagnosis, her accommodation request, and ACI's response to the request. Reply, Docket No. 25 at 10. She argues that the evidence relevant to her state law claims includes her doctor reports and diagnosis, ACI's internal communications regarding such reports, and ACI's efforts to offer Lagunas an accommodation, and that depositions will focus on ACI's receipt of, review of, and response to Lagunas's request for an accommodation, and its decision to terminate her. Id. By contrast, Lagunas argues the FLSA claims are based purely on ACI's system of rounding hours worked to its advantage and to the detriment of its employees, and that the rounding timekeeping system is not even loosely connected to her state law claims. Id. She argues that evidence relevant to her federal claims includes her time records, an expert to review the records and to opine on the effect of ACI's rounding system and the calculation of Lagunas's regular rate, and that depositions will focus on Lagunas's clocking in and out for work and ACI's timekeeping system. Id.

     ACI argues that there is no substantial predomination because (1) the UCL claim is predicated in part on the allegations underlying the FLSA claims; (2) Lagunas's actual hours of work and ability to work underlie both her FLSA and disability discrimination claims, leading to the possibility of inconsistent judgments if split; and (3) the FLSA claims rise and fall based upon the testimony of the same witnesses and the same evidence, e.g., the same Human Resources personnel that ACI has already deposed, and the same employment documents such as ACI's employee handbook and time records. Opp'n, Docket No. 21 at 5–8. Therefore, ACI argues that there is no predomination because the federal and state claims are intertwined by more than the employer-employee relationship. Id. at 8. Furthermore, ACI points out that no other discretionary factors under § 1367(c) are implicated, and that Lagunas seeks only monetary damages for both her state and federal claims. Id. at 8–9.

     Lagunas's state and federal claims arise from a common nucleus of operative fact

sufficient to confer supplemental jurisdiction on the state law claims under § 1367(a) because the claims arise "out of a cohesive narrative: defendant's conduct towards plaintiff in his capacity as an employee." Swamy v. Title Source, Inc., No. C 17-01175 WHA, 2017 WL 3021042, at *4 (N.D. Cal. July 17, 2017) (citing Mpoyo v. Litton Electronic Optical Systems, 430 F.3d 985, 987 (9th Cir. 2005)).

Moreover, the Court finds that Lagunas's state law claims do not substantially predominate over her federal claims; thus, the Court will not decline to exercise supplemental jurisdiction over Lagunas's state-law claims under § 1367(c)(2). At oral argument, counsel for ACI emphasized this action's similarity to Swamy, a Northern District decision which rejected a substantial predominance argument in denying a motion to dismiss. Swamy, 2017 WL 3021042, at *5. The Court agrees that Swamy is instructive. In Swamy, the court exercised supplemental jurisdiction over state-law wage statement and reimbursement claims brought alongside FLSA claims because the claims required "overlapping testimony and administrative records," including information regarding the day-to-day duties of the plaintiff and the guidelines imposed. Id. at *4–5. The court cited Mpoyo for support, a Ninth Circuit decision holding in the res judicata context that a Title VII claim alleging racial discrimination by a former employer shared a common nucleus of facts with FLSA claims because both sets of claim arose "from employer's conduct while plaintiff was an employee," and "formed a convenient trial unit that disclosed a cohesive narrative." Id. at *4 (quoting Mpoyo, 430 F.3d at 987) (alterations omitted). Furthermore, the court rejected a substantial predominance argument because of the "efficiency consideration" that "if the California claims proceed[ed] separately in a parallel state court action, the federal and state proceedings may [have] call[ed] for duplicative testimony and discovery, therefore frustrating the goals of economy and convenience promoted by supplemental jurisdiction." Id.

As in Mpoyo, both Lagunas's state-law and FLSA claims arise from ACI's conduct while Lagunas was an employee. Furthermore, considerations of judicial efficiency demonstrate that it is appropriate for the Court to reject Lagunas's substantial predominance argument, and to exercise supplemental jurisdiction over Lagunas's state-law claims. As in Swamy, Lagunas's state and federal claims will involve overlapping witnesses, testimony, and documentary evidence. For instance, it is undisputed that the FLSA claims are based on the alleged failure to pay wages as a result of ACI's rounding system of timekeeping, while four of the eight state law claims are based in part on ACI's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-2005 JVS (DFMx) | Date | February 27, 2019 |
|---|---|---|---|
| Title | Efigenia Lagunas v. SPS Technologies, LLC et al. | | |

alleged reduction of Lagunas's hours after her disability diagnosis to four hours a day, five days a week.  See FAC, Docket No. 1-1 ¶¶ 25, 40, 56, 63, 76–85.  Although the state claims are based largely on alleged discrimination and failure to accommodate, and the federal claims are based on failure to pay wages and overtime, the resolution of both sets of claims will involve testimony about Lagunas's job responsibilities, the hours she worked, the hours for which she was paid, the amounts she was paid, ACI's timekeeping practices, and the events leading up to the termination of her employment.  Because the evidence relevant to Lagunas's state and federal claims overlaps substantially, considerations of economy, convenience, and fairness indicate that the Court should exercise supplemental jurisdiction over the state law claims.  See Acri, 114 F.3d at 1001.

Accordingly, the Court finds that the state-law claims do not substantially predominate over the FLSA claims; therefore, the Court will exercise supplemental jurisdiction over Lagunas's state law claims under § 1367(a).

## IV.  CONCLUSION

For the foregoing reasons, the Court **denies** the motion to remand.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |